Requestor: David Blatt, Esq., Town Attorney Town of Broadalbin 11 Church Street Gloversville, N Y 12078
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether an elected assessor may also be employed as a real estate broker in the town where he or she performs assessment functions. Specifically, you have asked whether prior opinions of the Attorney General concluding that an appointed assessor has a conflict of interests under these cirucmstances would apply to an elected assessor. Informal Opinions Nos. 87-59, 86-66.
The decisions reached in our prior opinions are not dependent on the fact that the assessor positions were appointive rather than elective. The conflicts of interests are present regardless of the appointive or elective status of the position. In our prior opinions, we reasoned that when preparing appraisals on property where he or she also acted as the real estate broker, the assessor is faced with a conflict between official duties and allegiance owed to the buyer or seller of the property that may affect his or her independent judgment. Also, we found that if the assessor is a member of a real estate firm doing business in the town other conflicts would result. The assessor would be placed in the position of having to assess real property listed by the firm or with respect to which other members of the firm served as agent. Also, he or she would be faced with the assessment of real property handled by agents of competing real estate firms. Public officials should avoid private employment that compromises their ability to make impartial judgments solely in the public interest. Even the appearance of impropriety should be avoided in order to maintain public confidence in government.
You have noted that your three elected assessors form a board which votes on any change in assessment. A vote of two of the three members is necessary in order to make a change. In our view, this factor does not remove the conflicts. Each assessor's vote is part of every decision made. Substantial work by this person as a real estate broker or by the employing firm in the municipality where official duties are performed would make it impossible for the individual to perform without conflict the duties of this office. Substantial conflicts would remove recusal as an appropriate remedy.
We conclude that where substantial conflicts would result, an elected or appointed assessor may not serve as a real estate broker in the municipality where his or her official duties are performed.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.